# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>Plaintiff,<br><br>v.<br><br>DAVE DAVEY, et al.,<br><br>Defendants. | Case No. 1:19-cv-01281-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>[ECF No. 1] |

Plaintiff Danney James Cohea is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on September 13, 2019, along with an application to proceed in forma pauperis.

**I.**

**DISCUSSION**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g);

Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury. The Court takes judicial notice of the following cases: (1) Cohea v. Bray, Case No. 2:97-cv-00366-FCD-DAD (E.D. Cal.) (dismissed on March 3, 2998, for failure to state a claim); (2) Cohea v. Acess Secure Pack, No. 3:09-cv-0679-RCJ-RAM (D. Nev.) (dismissed on August 3, 2010, for failure to state a claim), (3) Cohea v. Patzloff, Case No. 3:10-cv-0437-IEG-RBB (S.D. Cal.) (dismissed on March 2, 2011, for failure to state a claim and for failure to comply with the Court's orders). Indeed, Plaintiff has previously been advised by this Court that he is subject to the three-strikes provision in Cohea v. Faldon, Case No. 1:16-cv-00955-DAD-EPG (E.D. Cal.) (denying application to proceed in forma pauperis under 28 U.S.C. § 1915(g) and dismissing case for failure to pay the filing fee on February 23, 2017).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on July 26, 2019. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

The Court further finds that Plaintiff's complaint allegations do not meet the imminent danger exception. Andrews, 493 F.3d at 1053. Plaintiff has not shown that he is at risk of any serious physical injury at the time he filed the complaint. Plaintiff seeks relief for retaliation, improper classification status, and false allegations resulting in the denial of parole. Plaintiff contends that he is under imminent danger of serious physical injury because he is at risk of violence against him for improperly being

2

labeled as a sex offender with suffixes "R" (for rapist) and "IEX" (for exhibitionist/indecent exposure) as part of his classification. Plaintiff references instances of misclassification in 2007, 2008, and 2016, and a parole hearing in 2014, and a false rules violation in 2015. However, Plaintiff's complaint is devoid of any factual allegations to demonstrate that he was under specific danger of physical harm at the time he filed the complaint. Rather, Plaintiff contends that since the "R" and "IEX" suffixes he has "been subject to 'threat to (his) safety' by the possibility (i.e. likelihood) of a 'cell mate' becoming aware of the 'R' suffix." (Compl. at 6, ECF No. 1.)[1] Plaintiff's generalized fear of potential harm is insufficient to satisfy section 1915(g)'s "imminence" requirement.[2] Accordingly, Plaintiff is ineligible to proceed in forma pauperis in this action, and he should be required to pre-pay the $400 filing fee to proceed in this case.

## II.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis be denied; and

2. Plaintiff be required to pay the $400.00 filing fee within thirty (30) days of service of the Court's order adopting these Findings and Recommendations.

///
///
///
///

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[2] Indeed, Plaintiff raised similar claims in Cohea v. Faldon, Case No. 1:16-cv-00955-DAD-EPG (E.D. Cal.).

3

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 16, 2019**

UNITED STATES MAGISTRATE JUDGE