# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVE DAVEY, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01281-LJO-SAB (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS, AND DENYING PLAINTIFF MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>[ECF Nos. 5, 6] |

　　　　Plaintiff Danney James Cohea is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on September 13, 2019, along with a motion to proceed in forma pauperis.

　　　　On September 17, 2019, the Magistrate Judge issued Findings and Recommendations recommending that Plaintiff's application to proceed in forma pauperis be denied because Plaintiff has suffered three or more strikes pursuant to 28 U.S.C. § 1915(g), and he failed to demonstrate that at the time of filing the complaint he was in imminent danger of serious physical harm. The Findings and Recommendations were served at Plaintiff address of record and contained notice that objections were to be filed within fourteen (14) days. Plaintiff did not file objections. On October 7, 2019, the undersigned adopted the Findings and Recommendations.

///

///

1

On October 21, 2019, Plaintiff filed objections to the Findings and Recommendations and a motion attesting to the facts of imminent danger and request for temporary restraining order. (ECF Nos. 5, 6.)

In his objections, Plaintiff contends that he never received a copy of the September 17, 2019 Findings and Recommendations. However, Plaintiff is advised that the Findings and Recommendations were served at this address of record which is effective service. See Local Rule 182(f) (absent notice of change of address service at address of record is full effective). Nonetheless, because Plaintiff contends that he did not receive the Findings and Recommendations, the Court will consider his objections as if timely filed.

In his objections and motion attesting to the facts of imminent danger, Plaintiff continues to argue that past assaults which took place in 2017 while he was housed at Pleasant Valley State Prison (PVSP) demonstrate he is in imminent danger of physical harm due to the false "R" and "IEX suffixes. However, Plaintiff is currently (as well as at the time of filing) housed at California State Prison, Corcoran, and instances of harm which took place two years is insufficient. Andrews v. Cervantes, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007). Further, the fact that Plaintiff now claims in conclusory terms that he was subjected to an "assault" by two correctional officers on September 20, 2019, while at California State Prison, Corcoran is insufficient to demonstrate the imminent danger exception. First, the alleged assault took place on September 20, 2019, ten days after Plaintiff filed the instant complaint on September 10, 2019 (with application of the mailbox rule). Second, Plaintiff's conclusory and nondescript contention of an "assault" by two unknown correctional officers does not plausibly support a claim that he was at "imminent danger of serious physical injury" for purposes of the PLRA *at the time* he filed the litigation. Third, generalized fears of potential harm due to a prisoner's incarceration alone are insufficient to plausibly show the "imminent danger of serious physical injury required to qualify for § 1915(g)'s exception. Andrews v. Cervantes, 493 F.3d at 1053, 1056; see also Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager, 870 F.3d 144, 154 n.12 (3d Cir. 2017) ("Although prison can undoubtedly be a dangerous place, incarceration alone does not satisfy the requirement of 'imminent danger of serious physical injury" for purposes of § 1915(g). Indeed, if it did, every prisoner would be entitled to IFP status and the exception would

swallow the rule.") (citation omitted); Patrick v. Altshuler, No. 2:17-CV-1046 AC P, 2017 WL 4539273, at *5 (E.D. Cal. Oct. 11, 2017) (finding prisoner's claims of "[f]ear with trust issues" and "painful" "[a]buse[s] of power" were insufficient to demonstrate he was "under imminent danger of serious physical injury" under § 1915(g))). Accordingly, Plaintiff's objections to the Findings and Recommendations adopted on October 7, 2019, are overruled.[1]

To the extent Plaintiff is seeking a temporary restraining order to order the removal of the suffixes from his prison classification, his request must be denied. The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn,

---

[1] In the interest of justice, the Court will grant Plaintiff an additional thirty days to pay the $400.00 filing fee in full.

3

extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

A federal court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The Court may not attempt to determine the rights of persons not before it. See <u>Hitchman Coal & Coke Co. v. Mitchell</u>, 245 U.S. 229, 234-35 (1916); <u>Zepeda v. INS</u>, 753 F.2d 719, 727-28 (9th Cir. 1983).

First, Plaintiff cannot proceed with the complaint unless and until the filing fee is paid in full, and no Defendant has been served or appeared in this action. Accordingly, the Court does not have personal jurisdiction over the persons he seeks to enjoin. Fed. R. Civ. P. 65(a)(1), (d)(2); <u>Murphy Bros., Inc.</u>, 526 U.S. at 350. Further, there is no basis to find that Plaintiff is likely to prevail on the merits or that he faces any immediate or irreparable injury in the absence of extraordinary injunctive relief. <u>Winter</u>, 555 U.S. at 20. Accordingly, Plaintiff's motion for a temporary restraining order is DENIED.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's objections to the Findings and Recommendations issued on September 17, 2019 are overruled;
2. Plaintiff's motion for a temporary restraining order (ECF No. 5) is DENIED; and
3. Plaintiff is granted thirty days from the date of service of this order to submit the $400.00 filing fee or this action will be dismissed.

IT IS SO ORDERED.

Dated: **October 23, 2019**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

4