UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>   Plaintiff,<br><br>   v.<br><br>DAVE DAVEY, et al.,<br><br>   Defendants. | No. 1:19-cv-01281-NONE-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, AND DIRECTING PAYMENT OF $400.00 FILING FEE WITHIN TWENTY-ONE (21) DAYS<br><br>(Doc. Nos. 4, 11) |

Plaintiff Danney James Cohea is appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the court is plaintiff's motion for reconsideration, filed on November 6, 2-19. (Doc. No. 11.)

**RELEVANT BACKGROUND**

Plaintiff filed the instant action on September 13, 2019, along with a motion to proceed *in forma pauperis*. (Doc. Nos. 1, 2.)

On September 17, 2019, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion to proceed in forma pauperis be denied because he has suffered three or more prior strike dismissals under 28 U.S.C. § 1915(g). (Doc. No. 3.)

On October 7, 2019, the findings and recommendations were adopted in full, and plaintiff was directed to pay the $400.00 filing fee within thirty days. (Doc. No. 4.)

1

1   On October 21, 2019, two weeks after the order adopting the recommendation was issued,
2   plaintiff filed untimely objections to the findings and recommendation.  (Doc. No. 6.)
3   On October 24, 2019, the court rejected plaintiff's objections on the merits, and granted him an
4   additional thirty days to pay the required filing fee.  (Doc. No. 7.)  In that order, the court also denied
5   plaintiff's request for a temporary restraining order.  (Doc. Nos. 5, 7.)
6   On October 21, 2019, plaintiff filed a notice of appeal from the order adopting the findings and
7   recommendations which was docketed on October 30, 2019.  (Doc. No. 8.)
8   On November 6, 2019, Plaintiff filed a motion for reconsideration of the court's order rejecting
9   his objections to the findings and recommendations on the merits and denying his request for a
10  temporary restraining order.  (Doc. No. 11.)  The court delayed ruling on plaintiff's motion for
11  reconsideration until the resolution of plaintiff's appeal.
12  On September 22, 2020, the United States Court of Appeals for the Ninth Circuit dismissed
13  plaintiff's appeal.  Accordingly, plaintiff's November 6, 2019 motion for reconsideration will now be
14  addressed.

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*  Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See, e.g.*, *Kern-Tulare*

*Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, plaintiff provides no justification for reconsideration of the court's finding that he has accumulated three "strike" dismissals pursuant to 28 U.S.C. § 1915(g) prior to initiating this action and that he failed to qualify for the "imminent danger" exception to the three-strikes bar based on incidents that he alleges occurred 2007, 2008, 2014, 2015 and 2016. (Doc. No. 3 at 3.) The assigned magistrate judge previously considered plaintiff's arguments and rejected them. (*Id.*) The undersigned adopted that reasoning. (Doc. No. 4.) Finally, the Ninth Circuit agreed, stating: "[b]ecause the allegations of imminent danger in appellant's 2019 complaint are based on instances no more recent than 2016, this appeal shall not be permitted to proceed." (Doc. No. 15 at 1) (citations omitted). In the present motion, plaintiff simply expresses his disagreement with the court's decision in this regard, but he provides no additional specific allegations even suggesting that he was in imminent danger *when he initiated this action. See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (noting that "the availability of the [imminent-danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time").

Accordingly,

1. Plaintiff's motion for reconsideration filed November 6, 2019 (Doc. No. 11) is denied;
2. Plaintiff shall pay the $400.00 filing fee within twenty-one (21) days from the date of service of this order; and
3. Failure to comply with this order will result in dismissal of the action.

IT IS SO ORDERED.

Dated:   **September 26, 2020**              _____
                                                                              UNITED STATES DISTRICT JUDGE